

*350

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGA CONSTRUCTION CORPORATION<br>1 American Way<br>Spotswood, NJ 08884<br><br>Plaintiff,<br><br>v.<br><br>QUINCY MUTUAL FIRE INSURANCE COMPANY,<br>57 Washington Street<br>Quincy, MA 02169<br><br>Defendant. | Civil Action No. 09-1728<br><br>FILED<br>APR 2 3 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, Mega Construction Corporation, by and through its undersigned counsel, hereby brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and for Damages, against Defendant Quincy Mutual Fire Insurance Company, and in support thereof, avers as follows:

### I. THE PARTIES

1. Plaintiff, Mega Construction Corporation ("Mega"), is a New Jersey corporation with its principal place of business at 1 American Way, Spotswood, NJ 08884. Mega is engaged in the business of providing construction related services, such as framing, insulation, drywall and interior trim.

2. Defendant, Quincy Mutual Fire Insurance Company ("Quincy"), is a Massachusetts corporation with its headquarters and principal place of business, upon information and belief, at 57 Washington St, Quincy, MA 02169. Upon information and belief,

Quincy is engaged in the underwriting of commercial liability insurance for businesses throughout the United States, including the Commonwealth of Pennsylvania.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Mega and Quincy, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Quincy because Quincy conducts systematic and continuous business in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and the underlying cause of action for which a declaration of insurance coverage is sought arises out of transactions and occurrences in this District.

## III. FACTUAL BACKGROUND

### The Construction Project

6. Mega was a contractor for a certain construction project known as the Maris Grove retirement community, which is located at 100 Maris Grove Way, Glenn Mills, Pennsylvania (the "construction site").

7. In connection with this construction project, Mega entered into a Subcontract Agreement with Dobek Contracting, Inc. ("Dobek") on or about July 13, 2006 to perform certain work, including, but not limited to, the installation of all interior trim, tools and supervision at the construction site. A true and correct copy of Subcontract Agreement is attached hereto as Exhibit A.

8. Pursuant to Article 8.8 of the Subcontract Agreement, Dobek, as the Subcontractor, agreed to defend and indemnify Mega and the Owner, identified therein as Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc., pursuant to the following indemnification provision (the "Indemnification Provision"):

> 8.8 <u>Indemnification</u>. To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Contractor, Owner, Architect and their respective agents, officers, employees and partners (hereinafter collectively "Indemnitees") from and against all claims, damages, losses, expenses (including, but not limited to, attorneys' fees), liabilities, interests, judgments which (i) are life attributable to injury, sickness, disease, or death or to injury or to destruction or damage to property (other than the Work itself), including loss of use therefrom and (ii) are caused in whole or in part by any default or negligent act or omission of the Subcontractor, its sub-subcontrator(s) or anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified under this Subcontract. The aforesaid indemnification obligation shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Subcontractor Worker's or Workmen's Compensation, Disability Benefit Act or other employee benefits acts. The Subcontractor shall provide in the policy of comprehensive general public liability insurance required by this Subcontract a contractual indemnity endorsement which insures Subcontractor's liability under the provisions of the Paragraph.

9. Pursuant to Article 8.9 of the Subcontract Agreement, Dobek was required to maintain insurance as follows:

> The Subcontractor shall purchase and maintain such insurance as will protect itself from claims set forth below, which may arise out of, or result from its operations under this Subcontract, whether such operations be by itself, or by any sub-subcontractor, or by anyone directly or indirectly employed by any of them, or by anyone for whose acts any of them may be liable . . .

3

10. Article 8.9.2 of the Subcontract Agreement required that Dobek obtain liability insurance in an amount not less than $1,000,000 per occurrence for bodily injury/personal injury and an amount not less than $3,000,000 per occurrence for excess liability.

11. Article 8.9.6 of the Subcontract Agreement provides as follows:

> The Subcontractor shall name the "Contractor, and/or the Owner and/or any other interested parties as designated by the Owner", as Additional Insureds on a primary basis on all Liability Policies of the Subcontractor, throughout the duration of the Project, and shall continue to so name those entities on those policies upon their renewal for the additional two (2) years after acceptance of the Contractor's completed work by the Owner.

12. Accordingly, the Subcontract Agreement required that Dobek name Mega, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. as Additional Insureds on its General Liability Policy with Quincy.

13. Pursuant to the terms and provisions of the Subcontract Agreement, Dobek provided Mega with a Certificate of Liability Insurance from Brown & Brown Metro, Inc., which represented that Dobek had fulfilled its insurance requirements under the Subcontract Agreement, and that Dobek was insured under a commercial general liability insurance policy issued by Quincy, policy no. CN806575, for the period June 18, 2006 to June 18, 2007. Attached hereto as Exhibits B and C are true and correct copies of the Certificate of Liability Insurance and the Quincy insurance policy, respectively.

14. The Certificate of Liability Insurance provided that Mega was named as an Additional Insured with respect to the general liability coverage identified in the Certificate of Insurance for work performed by or on behalf of Dobek as required by written contract, and subject to the terms, exclusions and conditions of the policy. See Exhibit B.

## The Underlying Action

15. Upon information and belief, on or about August 10, 2006, Victor Tavares ("Tavares") was injured while working for Dobek at the construction site.

16. On or about April 4, 2008, Tavares initiated an action in the Philadelphia County Court of Common Pleas by filing a Complaint against Mega, among others, which was captioned Victor Tavares v. Mega Construction Corp., et al., March Term, 2008, No. 6194 (the "Tavares Action" or the "Underlying Action").

17. Tavares subsequently filed an Amended Complaint on or about April 10, 2008. A true and correct copy of the Amended Complaint is attached hereto as Exhibit D.

18. In his Amended Complaint, Tavares has raised allegations of negligence against each Defendant, including Mega, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc., and accused each Defendant of committing various acts or omissions of negligence that caused or contributed to the underlying accident. See Exhibit D.

## Mega's Requests for Defense and Indemnity

19. Under the terms of the Subcontract Agreement's indemnity and insurance provisions, Dobek was required to have purchased insurance coverages that insured Mega for the allegations made in Tavares' Amended Complaint. See Exhibit A at Articles 8.8 – 8.96.

20. On April 23, 2007, Harleysville Mutual Insurance Company ("Harleysville"), Mega's insurance carrier, sent Quincy a letter requesting a complete copy of Dobek's insurance policy in effect on the date of the loss and identifying Dobek's indemnification and defense obligations to Mega pursuant to the Subcontract Agreement. A copy of the April 23, 2007 letter from Harleysville to Quincy is attached hereto as Exhibit E.

21. After not receiving any response from Quincy to its April 23, 2007 letter, Harleysville sent another letter to Quincy on June 28, 2007, again requesting a copy of Dobek's insurance policy and reiterating Dobek's indemnification and defense obligations pursuant to the Subcontract Agreement. A copy of the June 28, 2007 letter is attached hereto as Exhibit F.

22. Upon service of Tavares' Amended Complaint on Mega in or about June 2008, Harleysville, on behalf of Mega, tendered Mega's defense and indemnification of the Tavares Action to Quincy by letter dated July 7, 2008, and requested, inter alia, that Quincy honor the terms and conditions of its obligation to insure Mega pursuant to the terms of Dobek's policy of insurance, which named Mega as an additional insured. A copy of the July 7, 2008 letter is attached hereto as Exhibit G.

23. To date, Quincy has rejected and/or refused to accept Mega's multiple requests for tender of defense and indemnification.

24. As a result of Quincy's failure to defend, Mega has incurred and will continue to incur defense costs in the Tavares Action.

25. The sum of these defense costs and Plaintiff's potential award of damages in the Tavares Action if Plaintiff prevails likely will substantially exceed $500,000.00.[1]

## COUNT I
### Declaratory Judgment

26. Mega hereby incorporates by reference all prior paragraphs as fully set forth herein at length.

27. Pursuant to the terms of the Subcontract Agreement between Mega and Dobek, the Indemnification Provision contained therein, and the Quincy policy, Quincy is obligated to

---

[1] Mega denies liability in the Tavares Action.

128938.00602/11892327v.1

provide a defense and indemnity to Mega, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. in the Tavares Action.

28.  The failure of Quincy to acknowledge its duty to defend and indemnify Mega, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. in the Tavares Action currently pending in the Court of Common Pleas of Philadelphia County constitutes an actual, substantial and justiciable controversy.

**WHEREFORE**, Plaintiff, Mega Construction Corporation, requests that the Court enter a declaratory judgment as follows:

   a.  declaring that Mega Construction Corporation, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. are Additional Insureds on a primary basis on the general liability insurance policy issued by Quincy to Dobek, policy no. CN806575, for the period June 18, 2006 to June 18, 2007;

   b.  declaring that Quincy Mutual Fire Insurance Company is required to provide a defense to Mega Construction Corporation, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. in the Tavares Action;

   c.  declaring that Quincy Mutual Fire Insurance Company is required to indemnify Mega Construction Corporation, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. and reimburse them for their costs, expenses and attorneys' fees, incurred in defending against the claims asserted in the Tavares Action;

d. declaring that Quincy Mutual Fire Insurance Company is required to indemnify Mega Construction Corporation, Erickson Construction LLC, Concord Campus, LP and Concord Properties, Inc. for any award of damages against and/or settlement amounts paid in the Tavares Action;

e. declaring that Quincy Mutual Fire Insurance Company is required to reimburse Mega Construction Corporation for all costs and attorneys' fees incurred in order to secure a defense and indemnification in this action; and

f. granting such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II
**Breach of Contract**

29. Mega hereby incorporates by reference all prior paragraphs as fully set forth herein at length.

30. Quincy has a contractual obligation and duty to provide Mega with a defense in the Tavares Action. This duty has existed from the date that the Tavares Action commenced.

31. On multiple occasions, Mega's insurer, Harleysville, requested that Quincy defend and indemnify Mega in the Tavares Action pursuant to the terms and conditions of the Subcontract Agreement, which required that Mega be named as an Additional Insured on Dobek's insurance policy with Quincy.

32. Quincy has breached its contract by failing and refusing to defend Mega in the Tavares Action.

128938.00602/11892327v.1

33.  As a result of this contractual breach, Mega has incurred and will continue to incur attorneys' fees and costs in defending the Tavares Action, and will continue to incur damages in the future.

**WHEREFORE**, Plaintiff, Mega Construction Corporation, hereby requests that this honorable Court enter judgment against Quincy Mutual Fire Insurance Company, award damages in excess of $75,000.00, and grant such other and further relief as the Court may deem just and proper under the circumstances.

**BLANK ROME LLP**

BY: _____  LHK 6055
Grant S. Palmer
palmer@blankrome.com
Louis H. Kozloff
kozloff@BlankRome.com
Marc Weitzman
weitzman@blankrome.com
One Logan Square
130 N. 18th Street
Philadelphia, PA 19102
(215) 569-5500

*Attorneys for Plaintiff,
Mega Construction Corporation*

Date: April 22, 2009