IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGA CONSTRUCTION CORPORATION and HARLEYSVILLE INSURANCE COMPANY OF NEW JERSEY, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | No. 09-01728 |
| v. | : : | |
| QUINCY MUTUAL FIRE INSURANCE COMPANY, Defendant. | : : : | |

**ORDER**

**AND NOW**, this 12th day of September, 2012, upon consideration of the parties' cross-motions for summary judgment (Doc. Nos. 58 & 60), and the responses thereto, and for the reasons set forth in the Court's Memorandum Opinion, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (Doc. No. 58) is **GRANTED in part**, consistent with the Court's Memorandum Opinion, as follows:

    - As it relates to Count I, Plaintiff Mega Construction Corp. ("Mega") was an additional insured on a primary basis on the general liability insurance policy issued by Defendant Quincy Mutual Fire Insurance Company ("Quincy") to Dobek Contracting, Inc., policy no. CN806575. Quincy had a duty to defend and indemnify Mega against the claims asserted in <u>Victor Tavares v. Mega Construction Corp., et al.</u>, March Term 2008, No. 6194 (Phila. Ct. Comm. Pls.) ("Tavares Action"), and must reimburse Plaintiffs for the costs, expenses and attorneys' fees incurred in defending against that action. Quincy also had a duty to indemnify Mega, and must reimburse Plaintiffs for any award of damages against and/or settlement amounts paid in the Tavares

    Action.  Finally, Quincy is required to reimburse Plaintiffs for all costs and attorneys' fees incurred in bringing this declaratory judgment action.

  - Plaintiffs are entitled to judgment as a matter of law on their breach of contract claim in Count II

2. Plaintiffs' Motion for Summary Judgment is **DENIED** in all other respects.

3. Defendant's Motion for Summary Judgment (Doc. No. 60) is **DENIED**.

4. Harleysville shall submit a statement of damages it contends are owed based upon the Court's summary judgment ruling, including the cost of defending and indemnifying Mega in the Tavares Action, and the cost of prosecuting this declaratory judgment action, on or before **October 19, 2012**.

5. Defendant Quincy may submit a response to Harleysville's statement of damages on or before **November 9, 2012**.

                **BY THE COURT:**

                **/s/ Mitchell S. Goldberg**
                _____
                **Mitchell S. Goldberg, J.**